**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE E. ARAGON TRINIDAD,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   18-71244<br><br>Agency No. A070-743-894<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022**
San Francisco, California

Before:  S.R. THOMAS and GOULD, Circuit Judges, and WU,*** District Judge.

Felipe Aragon Trinidad, a native and citizen of Mexico, petitions our Court

for review of a decision by the Board of Immigration Appeals ("BIA") dismissing

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

his appeal of the Immigration Judge's ("IJ") denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Because the BIA affirmed the IJ's decision while citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and adding its own analysis, we review both the IJ and BIA decisions. *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020). We deny Aragon Trinidad's petition for review.

In his opening brief, Aragon Trinidad does not challenge the BIA's determination that he waived any challenge to the IJ's adverse credibility determination. We hold that he waived consideration of the adverse credibility determination. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

But even absent waiver, we hold that substantial evidence supports the agency's denial of his application for withholding of removal. To qualify for withholding of removal, a noncitizen must establish by a "clear probability" that his "life or freedom would be threatened" upon return because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). The totality of the circumstances supports the agency's adverse credibility determination, *see Alam v. Garland*, 11 F.4th 1133, 1136-37

2

(9th Cir. 2021) (en banc), and Aragon Trinidad's documentary evidence does not compel concluding that he is entitled to withholding, *see Al-Harbi v. INS*, 242 F.3d 882, 890-91, 894 (9th Cir. 2001). Aragon Trinidad contends that he has established a clear probability that his life would be threatened (1) on account of his membership in his family and also (2) on account of his anti-gang political opinion.

The IJ rejected his claim of a nexus based upon his family relationship, and the IJ's findings are supported by substantial evidence. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th. Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Aragon Trinidad's earlier applications for asylum do not mention any harm based on his uncles or family relationships. Nor does the supporting documentation Aragon Trinidad provided corroborate his claimed fear of harm based on membership in his family. The letter from the mayor of his hometown confirms that someone attacked Aragon Trinidad in 2016, but the mayor said it was an "unknown person." This document does not connect the harm Aragon Trinidad suffered to a family relationship or anti-gang political opinion. The second document, the letter from a paralegal, confirms that his uncles were killed by cartel members, but it does not corroborate Aragon Trinidad's claim that *he* had an objective basis to fear harm because of these

3

murders or his family status.

The BIA also rejected his contention that he will be harmed on account of his anti-gang political opinion because he did not provide any evidence that his opposition to gangs was politically motivated. *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015). In his briefing, Aragon Trinidad merely contends that he "holds the same negative political [opinion] as his uncles regarding the cartel" and that this political opinion was one central reason for the harm he faced. Without any documentary support, this contention does not suffice to show that the BIA's finding is not supported by substantial evidence.

Withholding of removal "is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151, 1152 (9th Cir. 2010). The IJ's conclusion that Aragon Trinidad fears general violence and extortion in Mexico is supported by substantial evidence, and fears of general violence are insufficient for withholding of removal. *Zetino*, 622 F.3d at 1016.

**PETITION FOR REVIEW DENIED.**